UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JACK SANTORNINO ABAD,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>Defendant. | CASE NO. 13-cv-05307 RBL<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT<br><br>Noting Date: May 9, 2014 |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed (*see* ECF Nos. 12, 13, 14).

After considering and reviewing the record, the Court finds that the ALJ improperly dismissed medical evidence that showed plaintiff's physical and psychological symptoms and limitations, including difficulty maintaining socially

appropriate behavior, would prevent plaintiff from working. Therefore, the Court recommends that this case be REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for reevaluation of the medical evidence and, if appropriate, additional vocational expert testimony.

## BACKGROUND

Plaintiff, JACK SANTORNINO ABAD, was born in 1974 and was 32 years old on the alleged date of disability onset of September 1, 2006 (*see* Tr. 186, 190). Plaintiff completed ninth grade and then obtained his GED (Tr. 68). Following school, he took a few auto body seminars (*id.*). Plaintiff has worked in construction and painting cars and as a delivery truck driver and house painter (Tr. 64-67). Plaintiff stopped working due to his impairments. (Tr. 65-66, 97-98, 230).

Plaintiff has at least the severe impairments of "bilateral carpal tunnel syndrome, affective disorder, anxiety disorder, substance abuse disorders, and rule out malingering (20 CFR 404.1520(c) and 416.920(c))" (Tr. 28).

At the time of the hearing, plaintiff was living in his parents' basement (Tr. 62).

## PROCEDURAL HISTORY

Plaintiff filed an application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act (*see* Tr. 186-193). The applications were denied initially and following reconsideration (Tr. 117-123, 128-139). Plaintiff's requested hearing was held before Administrative Law Judge Cheri L. Filion ("the ALJ") on March 6, 2012 (*see* Tr. 51-110). On April 23, 2012, the ALJ issued a

written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr. 22-49).

On February 20, 2013, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-6). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in April 2013 (*see* ECF Nos. 1, 3). Defendant filed the sealed administrative record regarding this matter on June 26, 2013 (*see* ECF Nos. 9, 10).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether the ALJ erred when the ALJ failed to adopt or give any reason for rejecting the opinion of state agency medical consultant Alnoor Virji, M.D.; (2) Whether the ALJ erred when the ALJ failed to adopt or give any reason for rejecting the opinions of state agency medical consultants John Robinson, Ph.D. and Thomas Clifford, Ph.D.; (3) Whether the ALJ erred when the ALJ rejected the opinions of plaintiff's treating psychologist Antone Pryor, Ph.D.; and (4) Whether the ALJ erred when the ALJ rejected the opinion of examining psychologist Daniel Neims, Psy.D. (*see* ECF No. 12, pp. 1-2).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is

such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)). Regarding the question of whether or not substantial evidence supports the findings by the ALJ, the Court should "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion.'" *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995) (*citing Magallanes,* 881 F.2d at 750).

In addition, the Court must independently determine whether or not "'the Commissioner's decision is (1) free of legal error and (2) is supported by substantial evidence.'" *See Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2006) (*citing Moore v. Comm'r of the Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002) (collecting cases)); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (*citing Stone v. Heckler*, 761 F.2d 530, 532 (9th Cir. 1985)). According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of the Soc. Sec. Admin*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency") (*citing Chenery Corp,* 332 U.S. at 196). In the context of social security appeals, legal errors committed by the ALJ may be considered harmless where the error is irrelevant to the ultimate disability conclusion when considering the record as a whole.

*Molina,* 674 F.3d at 1117-1122; *see also* 28 U.S.C. § 2111; *Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009).

## DISCUSSION

**(1) Whether the ALJ erred when the ALJ failed to adopt or give any reason for rejecting the opinion of state agency medical consultant Alnoor Virji, M.D.**

State agency medical consultant Alnoor Virji limited plaintiff to occasional handling and fingering due to plaintiff's bilateral carpal tunnel syndrome (Tr. 529, 600). The ALJ gave substantial weight to the opinion of Dr. Virji (Tr. 39). Without explanation, however, the ALJ limited plaintiff to frequent handling and fingering in the residual functional capacity ("RFC") determination (Tr. 32). The ALJ provided no reasons for this discrepancy and no reasons to reject Dr. Virji's opinion.

The parties agree that the ALJ erred in considering Dr. Virji's opinion (*see* ECF No. 12, pp. 4-6; ECF No. 13, pp 2-3; ECF No. 14, p. 2). Plaintiff does not dispute that this error was harmless and inconsequential to the ultimate non disability determination because the omitted limitations would not preclude the performance of the laminating machine offbearer job identified by the ALJ at step five of the sequential evaluation (ECF No. 14, p 2). *See Molina*, 674 F.3d at 1115 (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted) (adhering "to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'"). The parties further agree that, accounting for the ALJ's error, the laminating machine offbearer job is the only remaining job at step five

supported by substantial evidence in the record (ECF No. 13, pp. 2-3; ECF No. 14, p. 2). This factor is significant to plaintiff's remaining assignments of error.

### (2)   Whether the ALJ erred when the ALJ failed to adopt or give any reason for rejecting the opinions of state agency medical consultants John Robinson, Ph.D. and Thomas Clifford, Ph.D.;

Reviewing psychologist Dr. Robinson opined, and Dr. Clifford affirmed, that plaintiff "is able to do SRT easily and has some residual capacity to learn and complete more detailed tasks, but b/c of psych sx would need modest pace, one task at a time." (Tr. 524, 601). The ALJ gave substantial weight to the opinions of Drs. Robinson and Clifford and limited plaintiff to unskilled, simple and repetitive tasks (Tr. 32, 39).

Plaintiff argues that the ALJ's RFC assessment conflicts with the opinion evidence of Drs. Robinson and Clifford and that the ALJ erred by offering no reason to reject the portions of their opinions that were not adopted (ECF No. 12, pp. 6-7). Specifically, plaintiff argues that the ALJ erred by failing to include Drs. Robinson and Clifford's opinion that plaintiff would need to work at a modest pace and could perform only one task at a time (EFC No. 12, p 7). Plaintiff further argues that this error is not harmless because there is no evidence in the record that plaintiff could have performed the laminating machine offbearer job, or any other job existing in the national economy, with the additional limitations to modest paced work performed one task at a time (EFC No. 12, p 7).

According to Social Security Ruling ("SSR") 96-6p, state agency medical consultants, while not examining doctors, "are highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 6

under the Act." SSR 96-6p, 1996 LEXIS 3 at *4. Therefore, the ALJ is required to consider their findings as opinion evidence and to explain the weight given to such opinions in the decision. *Sawyer v. Astrue*, 303 Fed. Appx. 453, *455, 2008 U.S. App. LEXIS 27247 at **2-**3 (9th Cir. 2008) (*citing* 20 C.F.R. § 416.927(f)(2)(i)-(ii); SSR 96-6p, 1996 SSR LEXIS 3, *5) (memorandum opinion) (unpublished opinion).  Even where the ALJ fails to discuss the state agency consultants' opinions, the decision may, however, be upheld where "the ALJ's ultimate conclusion was supported by substantial evidence." *Davis v. Barnhart*, 71 Fed. Appx. 664, 667, 2003 U.S. App. LEXIS 15469 at **5 (9th Cir. 2003) (per curium) (unpublished opinion).

Defendant argues that the ALJ properly incorporated the opinions of Drs. Robinson and Clifford by limiting plaintiff to unskilled, simple and repetitive tasks (ECF No. 13, p. 3-4).  This Court disagrees.  The opinions of Drs. Robinson and Clifford, at a minimum, placed limitations on plaintiff's ability to do "more detailed" tasks (Tr. 524, 601; *accord* Tr. 522) (identifying moderate limitations on plaintiff's ability to understand, remember and carryout detailed instructions).  This is significant because the laminating machine offbearer job requires an individual to carry out detailed instructions.

The Dictionary of Occupational Titles has been characterized by the Ninth Circuit as "the best source for how a job is generally performed." *See Pinto v. Massanari*, 249 F.3d 840, 845-46 (9th Cir. 2001).  According to the DOT, the job of laminating machine offbearer requires a reasoning level of 2, which involves the application of "commonsense understanding to carry out <u>detailed</u> but uninvolved written or oral instructions.  Deal with problems involving a few concrete variables in or from

standardized situations." DOT description of laminating machine offbearer, DOT, Appendix A, 569.685-045, (available at: http://www.occupationalinfo.org/20/569685045.html) (emphasis added). Because the laminating machine offbearer position requires an individual to carry out detailed but uninvolved instructions, the ALJ's failure to address plaintiff's need to work a modest pace, one task at a time, is significant. As plaintiff points out, it is not possible to discern from the DOT description of this job or from the testimony given by the vocational expert whether these additional limitations are accommodated by the laminating machine offbearer position. *See Embrey v. Bowen*, 849 F.2d 418, 422-23 (9th Cir. 1988) (finding a vocational expert's testimony must be reliable in light of the medical evidence to qualify as substantial evidence). For this reason, the ALJ's finding at step five is not supported by substantial evidence. *Embrey*, 849 F.2d at 422-23. Remand is necessary for further consideration of the opinions of Drs. Robinson and Clifford and, if appropriate, additional vocational expert testimony.

**(3) Whether the ALJ gave specific and legitimate reasons for rejecting the opinions of plaintiff's treating psychologist Antone Pryor, Ph.D.**

Plaintiff argues that the ALJ erred by improperly rejecting the opinions of Dr. Pryor, plaintiff's treating psychologist (Tr. 612-13, 638-43, 646-49). Dr. Pryor's opinion that plaintiff had a marked limitation in the ability to maintain socially appropriate behavior is significant because the VE testified that in jobs like laminating machine offbearer, work behaviors are a bigger part of keeping a job than skills and that behaviors

such as "smarting off," insubordination, and "raising a ruckus" would not be tolerated in the workplace (Tr. 108, 648).

Substantial evidence does not support the ALJ's decision. The ALJ offered three reasons for rejecting Dr. Pryor's opinion: (1) Dr. Pryor did not consider the effects of plaintiff's drug use; (2) Dr. Pryor took plaintiff's complaints at face value; and (3) Dr. Pryor's diagnosis of agoraphobia was not supported by other evidence in the record that showed plaintiff went out of the house on a regular basis (Tr. 39). None of these reasons are a specific and legitimate reason supported by substantial evidence necessary to reject the testimony of a treating doctor. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

In general, more weight is given to a treating medical source's opinion than to the opinions of those who do not treat the claimant. *Lester*, 81 F.3d at 830 (*citing Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987)). According to the Ninth Circuit, "[b]ecause treating physicians are employed to cure and thus have a greater opportunity to know and observe the patient as an individual, their opinions are given greater weight than the opinion of other physicians." *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996) (*citing Rodriguez v. Bowen*, 876 F.2d 759, 761-762 (9th Cir. 1989); *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987)). On the other hand, an ALJ need not accept the opinion of a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings or by the record as a whole. *Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (*citing Tonapetyan v. Halter*, 242 F.3d

1144, 1149 (9th Cir. 2001)); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. *Lester*, 81 F.3d at 830 (*citing Embrey*, 849 F.2d at 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). Even if a treating or examining physician's opinion is contradicted, that opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester,* 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). The parties agree that Dr. Pryor's opinion is contradicted by the opinions of Drs. Robinson and Clifford and therefore, specific and legitimate reasons supported by substantial evidence in the record are required to properly reject Dr. Pryor's opinion. *Lester,* 81 F.3d at 830-31.

The first rationale offered by the ALJ, that Dr. Pryor did not consider the effects of plaintiff's drug use, is not supported by the record. Plaintiff was treated by Dr. Pryor and Kim Young-Oak, ARNP, MN, CS, at the Front Street Clinic from 2009 to 2012 for psychotherapy and medication management. Treatment records from Front Street Clinic indicate that Dr. Pryor was well aware of plaintiff's marijuana use. For example, the results of plaintiff's 2009 Personality Assessment Inventory ("PAI") included Axis I Rule

Out of cannabis dependence (Tr. 391).  Nonetheless, treatment notes from Front Street Clinic indicate Dr. Pryor and ARNP Young-Oak recommended in 2010 that plaintiff be evaluated for medical marijuana use (Tr. 541, 551).  In 2010, plaintiff reported to Dr. Pryor that he was using approximately a quarter ounce of marijuana a week (Tr. 548).  In 2011, plaintiff reported ingesting marijuana daily to stimulate his appetite (Tr. 636, *accord* Tr. 642 (noting plaintiff "has been prescribed medical marijuana, which he eats to facilitate appetite, reduce nausea, and moderate his retching responses.")).  Other treatment notes from Front Street Clinic reference plaintiff's ongoing use of medical marijuana (Tr. 378, 569, 570, 634-635).  There is nothing in the record to suggest that plaintiff concealed his marijuana use from Dr. Pryor.  To the contrary, Dr. Pryor recommended that plaintiff obtain a medical marijuana prescription.   (Tr. 541).

The ALJ also rejected Dr. Pryor's opinion because Dr. Pryor "apparently took the claimant's self-reports at face value."  Tr. 39.  A medical opinion premised on a claimant's subjective complaints may be discounted where the record supports the ALJ in discounting the claimant's credibility. *Tonapetyan*, 242 F.3d at 1149; *see also Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999) (opinion of physician premised to large extent on claimant's own accounts of her symptoms and limitations may be disregarded where those complaints have been properly discounted). Nonetheless, when an ALJ seeks to discredit a medical opinion, she must explain why her own interpretations, rather than those of the doctors, are correct. *Reddick,* 157 F.3d at 725 (*citing Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).  Here, the ALJ offered no explanation of her interpretation of the evidence to support this reasoning.

The Commissioner argues that objective testing does not support the severity of limitations assessed by Dr. Pryor and, therefore, the ALJ reasonably concluded that Dr. Pryor relied on plaintiff's complaints (EFC No. 13, p 5).  As plaintiff points out, the ALJ decision is devoid of this analysis. According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency") (*citing Chenery Corp,* 332 U.S. at 196).

The final reason offered by the ALJ to reject Dr. Pryor's opinion was that Dr. Pryor's diagnosis of agoraphobia did not appear to be supported by other evidence, which showed that claimant went out of the house on a regular basis (Tr. 39).  When an ALJ seeks to discredit a medical opinion, she must explain why her own interpretations, rather than those of the doctors, are correct. *Reddick,* 157 F.3d at 725 (*citing Embrey*, 849 F.2d at 421-22); *see also Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir. 1989) ("When mental illness is the basis of a disability claim, clinical and laboratory data may consist of the diagnosis and observations of professional trained in the field of psychopathology. The report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology or the absence of substantial documentation") (*quoting Poulin v. Bowen*, 817 F.2d 865, 873-74 (D.C. Cir. 1987) (*quoting Lebus v.*

*Harris*, 526 F.Supp. 56, 60 (N.D. Cal. 1981))); *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("judges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor. The medical expertise of the Social Security Administration is reflected in regulations; it is not the birthright of the lawyers who apply them. Common sense can mislead; lay intuitions about medical phenomena are often wrong") (internal citations omitted)).

The ALJ's explanation for her conclusions regarding plaintiff's agoraphobia diagnosis is not supported by substantial evidence. As plaintiff points out, the ALJ's assertion that the diagnosis of agoraphobia is inconsistent with plaintiff's demonstrated ability to get out of the house on a regular basis is incorrect. According to the *Diagnostic & Statistical Manual of Mental Disorders* ("DSM") agoraphobia is not a standalone diagnosis but rather occurs in the context of other disorders, like panic disorder. *American Psychiatric Ass'n Diagnostic & Statistical Manual of Mental Disorders* 432-33 (4th Ed. 2000, text revision)(DSM-IV). The DSM identifies three criteria that must be met to support a diagnosis of agoraphobia, none of which require that an individual be unable to leave the house on a regular basis:

1. Anxiety about being in places or situation from which escape might be difficulty (or embarrassing) r in which help may not be available in the event of having an unexpected or situationally predisposed Panic Attack or panic-like symptoms. Agoraphobic fears typically involve characteristic clusters of situations that include being outside the home alone; being in a crowd or standing in a line; being on a bridge; and traveling in a bus, train, or automobile.
2. The situations are avoided (e.g., travel is restricted) or else are endured with marked distress or with anxiety about having a Panic Attack or panic-like symptoms, or require the presence of a companion.

3.  The anxiety or phobic avoidance is not better accounted for by another mental disorder, such as Social Phobia (e.g., avoidance limited to social situations because of fear of embarrassment)…

*DSM-IV* 433. For these reasons, the ALJ did not offer specific and legitimate reasons supported by substantial evidence in the record sufficient to reject the opinion of plaintiff's treating psychologist.

## CONCLUSION

The ALJ's evaluation of the medical opinion evidence of the state agency medical consultants and plaintiff's treating psychologist is not supported by substantial evidence in the record. Based on these reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration. **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on May 9**,** 2014, as noted in the caption.

Dated this 17th day of April, 2014.

_____
J. Richard Creatura
United States Magistrate Judge